IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**FRANK SIVORI**                                                                                        **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 2:07cv79-KS-MTP**

**CHRISTOPHER EPPS, et al.**                                                                **DEFENDANTS**

## ORDER

THIS MATTER is before the court on Plaintiff's Motion for Reconsideration [55]. The court, having considered the motion and the applicable law, finds that the Motion [55] should be DENIED.

Plaintiff filed his Motion for Reconsideration [55] on or about June 10, 2008, asking the court to reconsider its Order [53] denying his Motion to Amend [33]. Plaintiff disagrees with this court's denial of his request to add Karol Causey, Sheleena Carter, Officer Clinton, and Larry Hardy's successor as parties to this action. Plaintiff argues that these parties should be added because they fail to enforce the non-smoking policies in the buildings at SMCI.

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL

---

[1] Rule 59(e) is not technically applicable to Plaintiff's Motion [55] since the Order [53] denying Plaintiff's Motion to Amend [33] was interlocutory in nature, and no final "judgment" has been issued in this case. *See* Fed. R. Civ. P. 54; 59(e); *see also Goldman v. Hartford Life and Accidental Ins. Co.*, No. Civ.A. 03-0759, 2006 WL 861016, at *1 (E.D. La. March 30, 2006). However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005

1528611, at *1 (S.D. Miss. 2005).  This court has "considerable discretion" in deciding whether to grant a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]"[2] *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion."  *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000).  Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*

There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted).  If one of these three grounds is not present,

---

WL 1712214, at *1 (July 18, 2005).

[2]Rule 59(e) is not technically applicable to Plaintiff's Motion [55] since the Order [53] denying Plaintiff's Motion to Amend [33] was interlocutory in nature, and no final "judgment" has been issued in this case.  *See* Fed. R. Civ. P. 54; 59(e); *see also Goldman v. Hartford Life and Acc. Ins. Co.*, No. Civ.A. 03-0759, 2006 WL 861016, at *1 (E.D. La. March 30, 2006).  However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders.  *See W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005).

the court must deny the motion. *Id.* at *3.

None of the three permissible grounds are present here. Plaintiff has cited to no change in controlling law, no new evidence not previously available, and no clear error of law. Rather, Plaintiff is attempting to address the court's reasons for why his motion was denied in the first place. Further, the denial of Plaintiff's motion to amend does not result in "manifest injustice." The entities or parties with apparent authority to enforce the non-smoking policy are already before the court (via Christopher Epps, Emmit Sparkman, and Ron King in their official capacities). Thus, there is no reason to add additional individuals, who may better serve as witnesses, as parties to this lawsuit. Accordingly, Plaintiff's motion must be denied. *See W.C. Bulley*, 2000 WL 1349184, at *2-3 (holding that the plaintiff's motion to reconsider the court's order denying his motion to amend should not have been granted, where none of the three permissible grounds for granting the motion to reconsider were present and the plaintiff was merely re-arguing the merits of his original motion to amend).[3]

---

[3] Plaintiff's motion to reconsider should also be denied pursuant to Rule 60(b). This court's Order [53] denying Plaintiff's Motion to Amend [33] was not a "final order," since it did not dispose of this action on its merits. To the contrary, Plaintiff has several claims and parties remaining in this action. Accordingly, Plaintiff is not entitled to relief from the court's Order [53] under Rule 60(b). *See Amos v. Virginia Employment Comm'n*, No. 4:05cv5, 2005 WL 2010156, at *1 (W.D. Va. Aug. 19, 2005) (denying plaintiff's Rule 60 motion, holding that the order denying plaintiff's motion for leave to amend was interlocutory in nature, and therefore, reconsideration of the order under Rule 60 was inappropriate); *Cordillo v. Sos*, No. 90 Civ. 9 (WCC), 1992 WL 36136, at *1 (S.D. N.Y. Feb. 18, 1992) (holding that defendants' Rule 60 motion was not an appropriate basis for relief since the court's order permitting plaintiff to amend her complaint was an interlocutory order).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reconsider [55] is DENIED.

SO ORDERED this the 19th day of June, 2008.

> s/ Michael T. Parker
> United States Magistrate Judge