IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

FRANK SIVORI                                                                                      PLAINTIFF

VS.                                                          CIVIL ACTION NO. 2:07cv79-MTP

CHRISTOPHER B. EPPS, et al.                                                       DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on August 22, 2008. The plaintiff appeared *pro se*, and the defendants were represented by attorneys Charles Irvin and Pelicia Hall. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at South Mississippi Correctional Institution ("SMCI"). Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing;[2] accordingly, the following claims remain pending before the court:

Plaintiff's claims against defendants Christopher Epps, Commissioner of the MDOC,

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

Emmit Sparkman, Deputy Commissioner of SMCI, Ronald King, Superintendent of SMCI and Dr. Kentrell Liddell, a medical doctor at SMCI, arise out of what plaintiff alleges are unreasonable levels of secondhand smoke at SMCI.  Plaintiff claims that these defendants failed to implement Mississippi Department of Corrections' policy (No. 25-05-F) and state law (the Mississippi Clean Indoor Air Act) regarding smoking in buildings at SMCI and that they violated his Eighth Amendment rights by failing to protect him from secondhand smoke.  Plaintiff claims that he has chronic adult onset asthma, for which he receives ongoing treatment, and that his exposure to secondhand smoke at SMCI has worsened his condition.  Plaintiff has filed an ARP and has written numerous letters requesting that he be housed in a non-smoking area, but has not received his requested relief.

Plaintiff's claim against defendant Jeanne Kirkwood, the Mail Supervisor at SMCI, is that she has censored his incoming mail in violation of the First Amendment.  Specifically, plaintiff claims that Kirkwood has withheld some of his reading material because she claims it represents a security threat.

**2. DISCOVERY ISSUES**

At the omnibus hearing, the court granted in part and denied in part plaintiff's motion [49] [50] for leave to file a second set of interrogatories.  Specifically, the court ordered that on or before ninety (90) days prior to trial, defendants shall provide the names, titles and employment information of any witness from whom they expect to elicit expert testimony, along with their opinions and a summary of the grounds therefor, as required under Rule 26 of the Federal Rules of Civil Procedure.  The court denied the remainder of the relief requested in that motion.  The court also granted plaintiff's motion [52] to compel discovery, ordering that defendants Epps, King and Kirkwood shall respond to plaintiff's First Set of Interrogatories

within thirty (30) days. The court denied the remainder of relief requested in the motion.[3]

There are no other discovery matters pending at this time, except for those set forth herein. The discovery conducted to date and as set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.[4]

### 3. **PLEADINGS**

Plaintiff has filed a complaint [1] and an amended complaint [9] and has clarified his claims at the omnibus hearing. Accordingly, no further pleadings shall be filed, absent leave of court.

### 4. **MOTIONS AND TRIAL**

The deadline for the filing of motions (other than motions *in limine*) was previously set for February 20, 2008 [32]. No party has filed a dispositive motion. By separate order, the court will set the matter for trial.

IT IS, THEREFORE ORDERED:

1. Plaintiff's motion for leave to file second set of interrogatories [49] [50] is granted in part and denied in part. On or before ninety (90) days before trial, defendants shall provide the names, titles and employment information of any witness from whom they expect to elicit expert testimony, along with their opinions and a summary of the grounds therefor, as required under

---

[3] A copy of these interrogatories was provided to defendants' counsel at the omnibus hearing.

[4] Indeed, the discovery deadline was initially set for February 1, 2008 [32] and was extended by text order until March 6, 2008.

Rule 26 of the Federal Rules of Civil Procedure.  The remainder of relief requested in the motion is denied.

      2. Plaintiff's motion [52] to compel discovery is granted in part and denied in part.  Defendants Epps, King and Kirkwood shall respond to plaintiff's First Set of Interrogatories within thirty (30) days.  The remainder of relief requested in the motion is denied.

      3.  This order may be amended only by a showing of good cause.

      4.  Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

      SO ORDERED AND ADJUDGED this the 27th day of August, 2008.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge