IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

FRANK SIVORI                                                                                              PLAINTIFF

V.                                                               CIVIL ACTION NO. 2:07cv79-MTP

CHRISTOPHER EPPS, *et al.*                                                                    DEFENDANTS

**ORDER**

This cause came on to be heard for a bench trial before the undersigned United States Magistrate Judge on February 10, 2009. The court having heard the arguments of the parties and considered all the evidence, finds that post-trial submissions are necessary.

Were the court to find that Plaintiff has established that his exposure to second-hand smoke poses an unreasonable risk of serious damage to his future health, and that Defendants were deliberately indifferent to his plight, Plaintiff may be entitled to injunctive relief . *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (citing *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993)) (stating that "an inmate may obtain injunctive relief under § 1983 based on exposure to environmental tobacco smoke in the absence of a present physical injury"). Because the court is reluctant to involve itself unnecessarily in the prison administration at SMCI, it intends to order the most narrowly-tailored injunctive relief available to vindicate Plaintiff's rights, should the court find that Plaintiff has established he is entitled to relief. Accordingly, the court desires input from the parties as to the appropriate form and scope of any proposed injunctive relief.

IT IS, THEREFORE, ORDERED:

That the parties shall file a written submission setting forth their positions on the form and scope of any injunctive relief to be awarded, assuming Plaintiff has established the elements

set forth above.  The submissions shall be filed on or before March 6, 2009.  The parties shall not present any arguments as to whether Plaintiff has or has not established any right to relief.  For purposes of the written submissions, the parties shall assume that Plaintiff has established that his exposure to second-hand smoke poses an unreasonable risk of serious damage to his future health, that Defendants were deliberately indifferent to his plight, and that he is entitled to some form of injunctive relief.

SO ORDERED this the 24th day of February, 2009.

s/ Michael T. Parker
United States Magistrate Judge