**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**FRANK SIVORI, #35659**                                                                       **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:07cv79-MTP**

**CHRISTOPHER EPPS, et al.**                                                **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Motion to Stay Execution [114] and the Motion to Amend Judgment [115] filed by Plaintiff Frank Sivori. The court having considered the motions finds as follows:

A bench trial was held before the undersigned United States Magistrate Judge on February 10, 2009. After hearing the arguments of the parties and considering all the evidence, the court found that Plaintiff is entitled to injunctive relief and nominal damages for his Eighth Amendment claim against Defendants Ron King and Christopher Epps for exposure to unreasonable levels of secondhand smoke. The court dismissed Plaintiff's remaining claims. *See* Memorandum Opinion and Order [111].

In order to grant the most narrowly-tailored and appropriate form of injunctive relief available, the court directed the parties to file post-trial submissions setting forth their respective positions on the form and scope of any injunctive relief to be awarded. *See* Order [108]. Based on the submissions of the parties, the court ordered that Defendants transfer Plaintiff to Unit 32 at Parchman, which Defendants represent is a non-smoking unit, **or to another non-smoking unit within the MDOC.**[1] *See* Memorandum Opinion and Order [111]. The court also awarded

---

[1]The Defendants suggested that Plaintiff be moved from the first row of bunks, where he is currently housed, to the back row of the unit, which would move him to the most remote row of bunk beds from the designated smoking area. Alternatively, Defendants suggested that

Plaintiff nominal damages in the amount of $1.00 against Defendant Ron King in his individual capacity. *Id.*

In his Motion to Alter or Amend Judgment [115], Plaintiff asks the court to amend its Order and Judgment [111] [112] pursuant to Federal Rule of Civil Procedure 59(a) and/or (e). In his Motion to Stay Execution [114], Plaintiff asks the court to stay execution of the judgment pending resolution of his Motion to Amend Judgment [115]. Plaintiff claims that he should not be moved to Unit 32 at Parchman because it is a maximum security unit where dangerous, aggressive, violent and rebellious prisoners are housed.[2] He claims Defendants suggested he be moved there as punishment in retaliation for filing the instant action, and also as a deterrent to prevent other prisoners from filing actions against the MDOC. Plaintiff claims that moving him to Unit 32 would be moving him from one hazardous place (second-hand smoke exposure at SMCI) to another.

Plaintiff also asks the court to award him nominal damages in the amount of $100.00, and

---

Plaintiff be moved to Unit 32 at the Mississippi State Penitentiary at Parchman, which is a maximum security unit that has heightened housing rules due to security concerns, which would include no smoking by inmates housed in these segregated housing units. Defendants represented that Plaintiff is not presently eligible for housing in any of the medical units in the MDOC and, therefore, a transfer to Unit 31 at Parchman, apparently a medical unit, is not appropriate. *See* Response [109].

Plaintiff suggested that SMCI create a building or zone that is smoke-free. Alternatively, he suggested that he be moved back to Unit 31 at Parchman, where he claims he was housed in the past by the medical department due to his pulmonary condition and his desire to not be housed with smokers. *See* Response [110].

[2]Defendants transferred Plaintiff to Unit 32 at Parchman on April 21, 2009. *See* http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=35659. Plaintiff's name is incorrectly spelled on the MDOC website as "Savori." The court is mindful that Defendants transferred Plaintiff to Unit 32 despite his pending Motion to Stay [114].

to award him costs for prevailing on his claim against the Defendants, including his $350.00 filing fee and postage for legal mail.

Defendants failed to timely respond to Plaintiff's Motions [114][115], despite an Order [116] from the court directing them to do so. A week after Defendants' response was due, the Defendants filed a Motion [117] for extension of time to respond to the motions, which the court granted. *See* Order [118]. Defendants filed their Response [119] on May 14, 2009.

*Standard*

In his Motion [115], Plaintiff seeks relief under Rule 59(a) and (e). Rule 59(a) provides as follows:

> **(a) In General.**
>
> (1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
> . . .
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> (2) *Further Action After a Nonjury Trial*. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Fed. R. Civ. P. 59(a). This court "has discretion to grant a new trial under Fed. R. Civ. P. 59(a) where it is necessary 'to prevent an injustice.'" *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993) (quoting *Delta Eng'g Corp. v. Scott*, 322 F.2d 11, 15-16 (5th Cir.1963)). A "judgment should not be set aside except for substantial reasons." *Theriot v. Parish of Jefferson*, 966 F. Supp. 1435, 1452 (E.D. La. 1997) (internal citations and quotations omitted).

Rule 59(e) provides as follows: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A "motion to alter or

amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (internal citations and quotations omitted). A motion under Rule 59(e) is properly granted when the moving party establishes "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Ellis v. Miss. Dep't of Health*, No. 4:07CV81-SA, 2009 WL 279105, at *1 (N.D. Miss. Feb. 5, 2009).

*Injunctive Relief*

Plaintiff claims that he should not be moved to Unit 32 at Parchman because it is a maximum security unit where dangerous, aggressive, violent and rebellious prisoners are housed. As previously stated, Defendants transferred Plaintiff to Unit 32 at Parchman on April 21, 2009, despite his pending Motion to Stay [114]. Plaintiff claims Defendants moved him to Unit 32 as punishment in retaliation for him filing the instant action, and also as a deterrent to prevent other prisoners from filing actions against the MDOC.

In its Memorandum Opinion and Order [111], the court ordered the Defendants to transfer Plaintiff to Unit 32 at Parchman **or some other non-smoking unit within the MDOC**. In their Response [119], the Defendants represent that Unit 32 is the only option to house Plaintiff, as it is the only non-medical non-smoking unit within the MDOC, and Plaintiff is not designated by medical staff for housing in any of the medical units in the MDOC.

Based on the foregoing, the court finds that Defendants did not move Plaintiff to Unit 32

4

in retaliation, but because it was their only option other than a medical unit. The court recognizes that this may not be the preferred solution for Plaintiff, but based on the information before the court, it is one of the very few viable options.[3] Plaintiff has failed to meet the legal standards of Rule 59(a) and (e) to merit relief on this claim. Accordingly, Plaintiff's motion to alter or amend the court's Judgment [112] is denied.

*Nominal Damages*

Plaintiff asks the court to award him nominal damages in the amount of $100.00, rather than $1.00, citing to *Williams v. Kaufman County*, 352 F.3d 994 (5th Cir. 2003). In *Williams*, the Fifth Circuit affirmed the award of $100.00 as nominal damages for plaintiffs' claims. In awarding this sum, the district court relied on the *Black's Law Dictionary* definition of nominal damages as a "trifling sum." *Williams*, 352 F.3d at 1014. The Fifth Circuit found that the court's assessment of nominal damages was not clearly erroneous, much less an abuse of discretion. *Id.*

While the court could award Plaintiff nominal damages in the amount of $100, or some other trifling amount, the court, in exercising its discretion, awarded Plaintiff nominal damages in the amount of $1.00. In fact, this is the amount of nominal damages Plaintiff sought in his complaint. *See* Complaint [1-2] at 55. Plaintiff has failed to meet the legal standards of Rule 59(a) and (e) to merit relief on this claim.

---

[3]The court also notes that Plaintiff has no constitutional right to be incarcerated at a certain facility. The Defendants could have moved Plaintiff to Unit 32, or any other unit, at any time despite this litigation. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*, No. 06CV1-P-B, 2006 WL 3825236, at *4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, No. CIV. A. 4:02-CV-056-Y, 2002 WL 1610584, at *3 (N.D. Tex. July 19, 2002). Additionally, transferring Plaintiff to a medical unit in place of some other prisoner who qualifies for such placement would be a waste of resources.

*Costs*

In his Motion, Plaintiff asks the court to award him costs for prevailing on his claim against the Defendants, including his $350.00 filing fee and postage for legal mail. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . ." The federal statute governing the taxation of costs provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

The court finds that Plaintiff, as the prevailing party, shall be awarded the costs of his filing fee in the amount of $350.00. *See Dean v. Thomas*, 933 F. Supp. 600, (S.D. Miss. 1996). The court finds that under the circumstances, requiring Plaintiff to file a bill of costs would be a waste of judicial resources. *Dean*, 933 F. Supp. at 603. Rather, the court will calculate and assess the appropriate costs. Because Plaintiff was granted *in forma pauperis* status, he was assessed an initial partial filing fee of $0.71, and was thereafter ordered to make monthly payments of 20 percent of the preceding month's income credited to his prison account, until the

total filing fee of $350.00 is paid. *See* Order [7]. To date, Plaintiff has not paid anything towards his filing fee. *See* Docket. Accordingly, the Defendants will be required to make such payment to the Clerk of Court.

The court will not tax Defendants for Plaintiff's postage; Plaintiff failed to produce any documentation identifying the amount of postage incurred in this action. Further, the court will not tax Defendants for the marshal's fees for the service of process. Because the Defendants filed waivers of service of process, no fees were incurred. *See* Marshal's Return [29][31]; *see also Dean*, 933 F. Supp. at 603.

Moreover, although not specifically requested, Plaintiff is not entitled to attorney's fees. *See Cofield v. City of Atlanta*, 648 F.2d 986, 987-88 (5th Cir. 1981) (reversing award of attorney's fees to prevailing *pro se* litigant, reasoning "that the intent of Congress in enacting section 1988 would be seriously undermined if we allowed pro se litigants to recover legal fees under that section"); *see also De Mino v. Achenbaum,* 136 Fed. Appx. 695, 696 (5th Cir. 2005) (holding that prevailing *pro se* litigant was not entitled to attorney's fees under 42 U.S.C. § 1988).

Accordingly,

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion to Stay Execution [114] is DENIED as moot. Defendants have already moved Plaintiff to Unit 32 at Parchman. Moreover, a stay of Plaintiff's transfer would only serve to exacerbate Plaintiff's medical concerns by continuing to expose him to the second-hand smoke of which he complains.

2. Plaintiff's Motion to Amend Judgment [115] is GRANTED in part and DENIED

in part, as set forth below.

3. Plaintiff's request to alter the court's judgment to increase his award of nominal damages from $1.00 to $100.00 is denied.

4. Plaintiff's request for the taxation of his filing fee against Defendants is granted. Defendants are ordered to pay to the Clerk of Court the Plaintiff's filing fee in the amount of $350.00. Defendants shall make this payment within thirty (30) days. The Clerk is directed to mail a copy of this order to the Central Office, Andrea Funches or Sabrina Lawson, MDOC Inmate Banking Dept., 723 N. President Street, Jackson, Mississippi 39202, or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined. The portion of the court's Order [7] requiring Plaintiff to make monthly payments and requiring the appropriate prison officials to make monthly payments from Plaintiff's prison account until the filing fee is paid is hereby VACATED.

5. Plaintiff's request for the court to alter or amend its judgment regarding his transfer to Unit 32 at Parchman is denied.

6. The Clerk is directed to mail a copy of this Order to Plaintiff at the address on the court docket,[4] and to the Mississippi State Penitentiary, Unit 32, Post Office Box 1057, Parchman, MS 38738. Plaintiff is advised to file a notice of change of

---

[4]The court docket reflects Plaintiff's address as SMCI, P.O. Box 1419, Leakesville, MS 39451.

address with the court. All future pleadings will only be mailed to Plaintiff at the address on file with the Clerk.

SO ORDERED this the 19th day of May, 2009.

s/ Michael T. Parker<br>United States Magistrate Judge